PER CURIAM.
The insured bought insurance on a vehicle he did not possess, although he did have title. Subsequently he acquired possession of the automobile. He then sought to charge the insurance company for the loss of its use for a portion of the time before he acquired it under its comprehensive clause which reads, in part, as follows:
“Coverage D — Comprehensive (Including Coverage E Collision)
“To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, but with respect to each automobile such payment for loss shall be only for the amount of each loss in excess of $100.
“Such insurance as is afforded by the ‘Use of Other Automobiles’ Insurance Agreement with respect to loss to a private passenger automobile as stated therein applies only to loss thereto caused by collision of such automobile with another object or by upset of such automobile and, with respect to each such loss, only for the amount thereof in excess of $100, subject otherwise to the provisions of such Insuring Agreement.”
The complaint seeking recovery alleges, in part, as follows:

“4. That under the terms of said policy of insurance at Coverage ‘D’-Comprehensive, the Defendant agrees ‘to pay for direct and accidental loss of-the automobile . . . ’.”
The trial court awarded damages for such loss of use. We reverse.
The loss of use was not caused by any accidental loss of or damage to the automobile but, in fact, was an attempt by the plaintiff to recover for the lack of use of the vehicle prior to the time he actually acquired possession of it, which delay was not attributable to any accident. Therefore, there should have been no recovery under this comprehensive coverage feature of the policy.
The final judgment here under review be and the same is hereby reversed, with directions to dismiss the cause.
Reversed and remanded, with directions.